**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

WILLIARD C. HUDSON, #08047-084,

        Petitioner,

v.                              ACTION NO.  2:11cv534

ERIC WILSON,
Warden

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for a writ of habeas corpus.

## I. STATEMENT OF THE CASE

Hudson is a federal prisoner sentenced in the United States District Court for the Western District of Virginia and is currently housed at FCI Petersburg in Petersburg, Virginia. Hudson has submitted a pro se petition seeking the correction of the calculation of his sentence by the Federal Bureau of Prisons ("BOP"). ECF No. 1. He asserts that his federal sentence should be calculated as having commenced on November 29, 1999, the date it was imposed, and that he was in the primary custody of federal authorities beginning August 13, 1998. *Id.* Hudson

is seeking credit against his federal sentence for the period of August 13, 1998 through November 29, 1999, arguing that such time has not been applied to any other state or federal sentence. *Id.*

Hudson was arrested on August 13, 1998, by Virginia State authorities on state charges of abduction, illegal use of a firearm in the commission of a felony, and illegal possession of a firearm. Resp't's Ex. 1, Decl. of Helen Ramsdell ¶ 5, ECF No. 10-1. Subsequently, on August 20, 1998, Hudson attempted to escape from state custody, resulting in state charges which included the malicious wounding of a corrections officer. *Id.* at ¶ 6. Hudson was indicted on October 23, 1998 by a grand jury in the Western District of Virginia on numerous counts related to narcotics distribution activities from 1995 through 1998. *Id.* at ¶ 7. At various times during the period from December 10, 1998 to November 29, 1999, Hudson was produced for prosecution in federal court on writs of habeas corpus ad prosequendum.[1] *Id.* at ¶¶ 11-13.

The original state charges, resulting in the August 13, 1998 arrest, were eventually dismissed through an Order of Nolle Prosequi entered on January 20, 1999. Resp't's Ex. 2, Nol Prossed Order, ECF No. 10-2. On June 9, 1999, Hudson was sentenced in Virginia state court to serve ten years imprisonment on charges relating to his August 20, 1998 escape attempt. *Id*. On November 29, 1999, Hudson was sentenced to 120 months confinement on the federal narcotics charges in the U.S. District Court for the Western District of Virginia. Ramsdell Decl., Attach No. 3 (J. in a Criminal Case). While the federal judgment order was silent with respect to the

---

[1] Temporary release of an inmate through a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. *See U.S. v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

state sentence, *id.*, the Honorable Norman K. Moon stated at sentencing that the federal sentence would "be, of course, in addition to what you've got in the state, ten years you've got in state court." ECF No. 1-1. Hudson completed the ten year state sentence for the escape attempt on May 29, 2007. Ramsdell Decl., Attach No. 5.

In preparing the sentence computation for Hudson, the BOP credited Hudson with the seven days between August 13, 1998, the date of his initial state arrest, and August 19, 1998, the day before Hudson's attempt to escape from state custody. Ramsdell Decl., Attach No. 7 (Sentence Computation). This credit was applied against Hudson's federal sentence because it was not applied towards Hudson's state escape sentence. Ramsdell Decl. ¶ 16. The BOP determined that the entire period of time between August 20, 1998 through May 28, 2007 was not eligible for credit against Hudson's federal sentence as the entire period had been credited against Hudson's state sentence for the escape attempt. *Id.* at ¶ 19. Additionally, the BOP determined that the commencement date for Hudson's federal sentence could not be calculated as the date of imposition, November 29, 1999, because at this time Hudson was in the primary jurisdiction of state authorities for service of his state sentence. *Id.* at ¶ 20. Accordingly, the BOP determined the commencement date of Hudson's federal sentence was May 29, 2007, the date that Hudson completed his state sentence. *Id.* at ¶ 15. Based on this calculation, Hudson's expected release date is September 1, 2015 via good conduct release. *Id.* at ¶ 17. Hudson has exhausted all available administrative remedies. *Id.* at ¶ 25.

Hudson filed a pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 3, 2011, asserting that the BOP has improperly failed to credit his federal sentence with the 472 days between August 13, 1998 and November 29, 1999. ECF No. 1.

Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on February 19, 2012 (ECF Nos. 8 & 9) and Hudson responded to the motion on March 8, 2012. ECF No. 14. Accordingly, the matter is now ripe for adjudication.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The BOP has correctly calculated Hudson's federal sentence. A defendant's federal sentence cannot commence prior to the date such sentence is imposed. *Caloma v. Holder*, 445 F.3d 1282, 1285 (11th Cir. 2006). Additionally, a federal sentence commences "on the date the defendant is received in custody, awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). If the defendant is appearing in federal court under a writ of habeas corpus ad prosequendum, "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998). Absent a contrary order by the sentencing court, "[m]ultiple terms of imprisonment imposed at different times run consecutively . . . ." 18 U.S.C. §3584(a) (2006).

The earliest date Hudson's federal sentence could have commenced was November 29, 1999, the date on which it was imposed. Hudson's federal sentencing order was silent as to whether Hudson's federal sentence was to run consecutively to or concurrently with Hudson's state sentence for the escape charge. Ramsdell Decl., Attach. No. 3 (J. in a Criminal Case). Furthermore, at the federal sentencing hearing, the Honorable Norman K. Moon indicated Hudson's federal sentence was to be served "in addition to" Hudson's state sentence. ECF No. 1-1. Therefore, pursuant to 3584(a) and Judge Moon's direction, Hudson's federal sentence was

to be served consecutive to Hudson's state sentence.

Under 3585(a), Hudson's sentence could not commence until he was in federal custody. Hudson was not in federal custody until he had completed his state sentence on May 29, 2007 and was released into the custody of the United States Marshals Service. Ramsdell Decl., Attach. No. 5; Ramsdell Decl., Attach. No. 7 (Sentence Computation). Hudson, however, asserts that "federal authorities obtained primary jurisdictional custody of petitioner on January 20, 1999." ECF No. 2. Hudson contends that the state Order of Nolle Prosequi entered on January 20, 1999 converted his original August 13, 1998 arrest into a federal arrest and thus federal authorities had primary jurisdiction from August 13, 1998 on. *See id.* This argument overlooks the fact that on August 20, 1998, Hudson attempted to escape from state custody resulting in an entirely new state arrest on September 16, 1998. Ramsdell Decl. ¶ 6. Hudson was sentenced to a ten year prison term on these state charges on June 9, 1999, and was serving that sentence while his federal prosecution was ongoing. Ramsdell Decl. ¶ 6. Thus, the period Hudson served from June 9, 1999 to May 29, 2007 was credited to Hudson's state sentence. *See* Ramsdell Decl., Attach No. 7 (Sentence Computation). Additionally, the period from August 20, 1998 to June 9, 1999, during which Hudson was in state custody but had not been sentenced, was also credited to Hudson's state sentence as time served, pursuant to the state sentencing order. Resp't's Ex. 2, Sentencing Order 2.

Pursuant to 18 U.S.C. § 3585(b),

> a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or

5

>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   *that has not been credited against another sentence*.

(emphasis added).

Accordingly, because the entire period from August 20, 1998 through November 29, 1999 was credited towards Hudson's state sentence, under 18 U.S.C. § 3585(b) Hudson is not entitled to credit for that period against his federal sentence. Additionally, as Hudson has already received credit against his federal sentence for the period from August 13, 1998 to August 19, 1998, he is not entitled to "double credit" for this time. *See U.S. v. Wilson*, 503 U.S. 329, 337 (1992).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus (ECF No. 1) be DENIED and the Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF Nos. 8 & 9) be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of

the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 31, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Willard C. Hudson, #08047-084
FCI-Petersburg
P.O. Box 1000
Petersburg, VA 23804


Mark Anthony Exley, Esq.
United States Attorneys' Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

~~May~~ June 1, 2012